■ ROBERT NEELY et al., Respondents-Appellants, v CITY OF BUFFALO, Respondent, and NIAGARA FRONTIER TRANSPORTATION AUTHORITY et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff Robert Neely, who slipped on gravel after descending from an NFTA bus on the east side of Jefferson near its intersection with Broadway in Buffalo, commenced this action against NFTA; the City of Buffalo; Collana Brothers, the general contractor on a road replacement project involved in excavation work in the area of that intersection; and National Fuel, which was installing new gas lines in the area of the intersection. The court granted the City's motion and cross motion for summary judgment dismissing the complaint and the cross claims of the codefendants against the City. The court also dismissed the third cause of action alleging a violation of Labor Law § 241 (6) against Collana Brothers, NFTA and National Fuel, but otherwise denied motions for summary judgment dismissing the remaining causes of action and the cross claims of the codefendants.

The court's denial of NFTA's motion was proper, because there are questions of fact whether NFTA breached its duty to plaintiff to stop at a place where he could disembark safely and leave the area (see, Miller v Fernan, 73 NY2d 844). We further find that denial of National Fuel's motion for summary judgment dismissing the complaint was proper because, in view of the proximity of National Fuel's work site to the location of plaintiff's fall, there are questions of fact whether National Fuel had any responsibility for the gravel on which plaintiff fell. We find, however, that the court erred in denying Collana Brothers' motion for summary judgment dismiss-

ing the complaint. It is undisputed that its construction work was performed exclusively on the north side of Broadway and that the accident occurred on the south side. Plaintiff's attorney's assertion that the debris that caused plaintiff's fall could have resulted from construction vehicles "continually crisscrossing Jefferson and going up onto the curb and sidewalk area *as trenching was accomplished and piping laid*" (emphasis added) relates to the work performed by National Fuel. Plaintiff's unsubstantiated assertion that the hazard he confronted obviously resulted from the construction project is insufficient to defeat Collana Brothers' motion *(see, Wood v Nourse,* 124 AD2d 1020, 1021).

Plaintiff's argument on appeal that the court erred in dismissing the cause of action alleging a violation of Labor Law § 241 (6) against Collana Brothers and National Fuel lacks merit because plaintiff was not a member of the special class of persons protected by Labor Law § 241 *(see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573).

Dismissal of defendants' cross claims against the City of Buffalo for apportionment was proper. Dismissal of the complaint against the City of Buffalo based on lack of prior written notice of a dangerous condition, as required by the City Charter, does not automatically necessitate dismissal of the cross claims of NFTA, National Fuel and Collana Brothers against the City. To avoid dismissal of those cross claims, however, those codefendants must show the existence of an independent special duty flowing from the City to them *(see, Garrett v Holiday Inns,* 58 NY2d 253, 261-262; *Gabri v County of Niagara,* 99 AD2d 650). The only duty alleged was the City's general duty to the public to maintain the streets in a reasonably safe condition, and thus, dismissal of the cross claims against the City was proper. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.