■ JOSEPHINE O'ROURKE, Respondent, v SACHEL HARDWARE, INC., et al., Defendants, and STERLING WONG, Appellant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Herman Cahn, J.), entered July 17, 1990, denying defendant Wong's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed as to defendant Wong. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as to him.

Plaintiff was injured when she tripped over a six to seven foot metal pole that had been left propped up against the wall of Sachel Hardware Store at 93-15 63rd Drive in Queens. The premises were owned by defendant Wong, who, pursuant to a written lease, rented them to Sachel, which operated a retail establishment. The pole was the property of a contractor who had commenced the installation of a new security gate for Sachel on the day of the accident. The lease gave Wong the right to inspect and make structural repairs, although it imposed the duty of maintaining the premises, including the sidewalk, on Sachel. It also required Sachel to make all necessary non-structural repairs. In moving for summary judgment, Wong denied notice, actual or constructive, of any dangerous condition on the premises and any connection with either the contractor who did the work or the metal pole. The IAS court denied the motion, finding that the right to inspect and make repairs might be sufficient to charge him with constructive notice. We reverse.

To hold Wong, the landlord, liable for the negligently placed pole it must be shown that he had actual or constructive notice thereof for such a period of time that, in the exercise of

reasonable care, he should have removed it. *(See, Putnam v Stout,* 38 NY2d 607, 612.) There is nothing in this record to support the IAS court's finding that an issue of fact was presented as to the existence of constructive notice. There is no claim that the landlord created the condition or that he is vicariously liable for the actions of the one who did. There is not even evidence that Wong had any specific knowledge as to the work being done by the tenant and its independent contractor, much less that he controlled or supervised the work. As the record discloses, the work started that very day and was still in progress at the time of the accident. Plaintiff, who walked past the store almost every day, did not see the pole before the accident. Thus, there is no way to determine when the pole was placed in the dangerous position alleged. From all that appears, it could have been placed there moments before. Contrary to the IAS court's reasoning, an owner's right to re-enter the premises, in the absence of a showing that the defective condition was visible and longstanding, does not raise an issue of fact as to the existence of constructive notice. *(Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378, 379-380.) Since there is no proof as to how long the pole was in the position complained of at the time of the accident, Wong's motion for summary judgment should have been granted. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.