■ CAROL SCHAFRICK, as Administrator of the Estate of WILLIAM SCHAFRICK, Deceased, Appellant, v SHINNECOCK BAIT & TACKLE CO., INC., Respondent, et al., Defendant. [612 NYS2d 646] —In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the

Supreme Court, Nassau County (Brucia, J.), dated October 6, 1992, which, *inter alia,* granted the motion of the defendant Shinnecock Bait & Tackle Co., Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

This action arises from the drowning of the decedent, William Schafrick, on September 21, 1986. On the day of his death, the decedent was last seen at approximately 2:45 A.M., in an intoxicated state, leaving The Deck Restaurant adjacent to Callahan's Dock in Hampton Bays, a property owned by the defendant Shinnecock Bait & Tackle Co., Inc. (hereinafter the defendant). The decedent was found later that same day at approximately 5:00 P.M., floating in the water about 8 feet from the bulkhead of Callahan's Dock. The bulkhead was adjacent to a walkway which provided access to the defendant's premises which consisted of a marina where the decedent moored his boat and a separate area where he parked his camper. There was also another entrance to the premises which provided a route to the decedent's camper farther inland from the bulkhead. The autopsy report of the medical examiner for Suffolk County listed the decedent's cause of death as drowning and the contributory cause as "acute ethanol intoxication". The autopsy report also indicated that the decedent had a bruise to his head, and the "Death Report" completed by the Southampton Police Department stated that this bruise was caused when the decedent's body was removed from the water. In addition, there was evidence that the walkway was not well lit and that there was no guard rail to protect persons from falling into the water. The walkway was composed of sand and gravel, was uneven, had 1 to 2 foot holes where the walkway abutted the bulkhead, and was partially obstructed by a weigh station with a protruding wooden support beam. There were no witnesses to the drowning.

The plaintiffs contend that in connection with their cause of action to recover damages for wrongful death, they are entitled to every favorable inference in determining whether they have made out a prima facie case *(see, Noseworthy v City of New York,* 298 NY 76, 80; *see also, Rivenburgh v Viking Boat Co.,* 55 NY2d 850, 852). While this may be true as a general rule, in the instant case, contrary to the plaintiffs' contention, the Supreme Court properly granted summary judgment dismissing the complaint because the jury would have been compelled to speculate as to whether or not the decedent had

been present on the defendant's walkway immediately before his death (see, Smith v Wisch, 77 AD2d 619, 619-620). There are equally competing inferences that the decedent may have been too intoxicated to see where he was going and used a different path rather than the walkway which he had used on several prior occasions; he may have gone to his boat which was located in the same area, or even decided to take a walk on a dock (see, Stuart-Bullock v State of New York, 38 AD2d 626, 627-628, affd 33 NY2d 418; cf., Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 7; Restatement [Second] of Torts § 433B, comment a). Further, the decedent's body was found 14 hours after he was last seen, giving rise to a number of possibilities as to his location immediately prior to his death; and since his body was found floating in the water, it may have travelled from the point at which the decedent first entered the water to where it was discovered. Therefore, there are several equally plausible causes of the decedent's death, one or more of which are not causally related to any alleged negligence of the defendant (see, Stuart-Bullock v State of New York, supra, at 627).

There is no merit to the plaintiffs' remaining contentions. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.