■ EDWARD WALSH et al., Appellants, v TURNER CONSTRUCTION COMPANY et al., Respondents and Third-Party Plaintiffs, et al., Third-Party Defendants. [676 NYS2d 157] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered June 12, 1997, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff Edward Walsh, a bus driver for third-party defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), was injured when the bus he was driving went into a trench on Bainbridge Avenue near Gun Hill Road in the Bronx adjacent to a construction site for a new wing of defendant Montefiore Hospital, which is located at that intersection. Plaintiff brought a personal injury action against Montefiore Hospital and Turner Construction Company, the general contractor of the construction site, and these defen-

dants in turn brought a third-party action against Con Edison, which was performing excavation on Bainbridge Avenue in connection with the wing under construction, and MABSTOA. A fourth-party action against H&F Kornfeld, Turner's subcontractor, and Metropolitan, which had been hired by Kornfeld to bring a sewer line into the new wing, was severed by the court *sua sponte*, on the ground that there was no evidence suggesting that either was responsible for the hole.

Following discovery, defendants moved for summary judgment on the ground that there was no evidence suggesting that either of them created or was otherwise responsible for the hole. In connection with the motion, both sides submitted numerous affirmations and affidavits concerning the nature of the work being performed in the area and the location of the particular hole or trench where the accident occurred. By written decision, the court granted defendants' motion, finding that defendants had met their burden of demonstrating "the absence of any triable material issues of fact," while plaintiffs had failed to meet their burden of coming forward in response with evidence linking either defendant to the hole.

We find to the contrary that plaintiffs produced sufficient evidence raising a question of fact to defeat summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557). That plaintiffs may have difficulty sustaining their burden of proof at trial does not alter the fact that their submissions to the court in opposition to defendants' motion were sufficient to connect defendants to the creation of the trench that caused the accident. This includes not only plaintiff's deposition description of the "craters" in the area of the construction and the deposition testimony of a Turner employee to the effect that Turner had "some trenches" or "a trench" on Bainbridge Avenue, but also the affidavit of plaintiff's friend, who, while not a witness to the accident itself, gave firsthand, i.e., nonhearsay, information concerning his observations of the area where the accident occurred both on the day of the accident as well as several weeks earlier. Moreover, unlike *Neely v City of Buffalo* (171 AD2d 1078, 1079), cited by defendants, where defendant was entitled to summary judgment because "[i]t is undisputed that its construction work was performed exclusively" on one side of the roadway and the accident occurred on the other side, the location of the work and the trench are the very issues in dispute. Defendants' claim that Con Edison, which was working further down the Avenue, may have created the trench does not necessarily defeat plaintiffs' cause of action; it simply affords them the ability to argue that, in addition to their

construction in the area, another entity may have been engaged in similar activity. Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.