■ ANITA WASSERMAN, Plaintiff, v CITY OF NEW YORK et al., Defendants. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Respondent, v EDENWALD CONTRACTING CO., INC., Third-Party Defendant-Appellant. [700 NYS2d 17] —Order, Supreme Court, New York County (Phyllis Gangel-

Jacob, J.), entered on or about August 31, 1998, which, in an action for personal injuries sustained in a trip and fall over a raised manhole cover, denied third-party defendant road construction contractor's motion for summary judgment dismissing third-party plaintiff electric utility's third-party complaint, unanimously affirmed, with costs.

The motion was properly denied on the ground that third-party defendant's initial papers failed to address record evidence tending to show that its subcontractor was working on manholes in the area of the accident at or about the time of the accident (see, Walsh v Turner Constr. Co., 252 AD2d 470). It was not third-party plaintiff's burden to show that the subcontractor's work could have affected the height of manhole covers, but rather third-party defendant movant's burden to show that such work could not have affected the height of manhole covers (see, Winegrad v New York Univ Med. Ctr., 64 NY2d 851, 853). Nor did third-party defendant's submissions demonstrate that it exercised no control or supervision over its subcontractor's work. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.