■ BARBARA D. MARCOTTA, Appellant, v GUI SUK CHO, Respondent. [733 NYS2d 103] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated June 19, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff's decedent, Sylvia Dolgonos, commenced this action to recover damages for personal injuries she received while waiting for the light to change at a street corner in Queens. At her deposition, Dolgonos testified that the defendant's car did not actually make contact with her, but essentially that the defendant's car passed by so close to the curb and "with such force that it threw me to the ground."

In support of her motion for summary judgment, the defendant established that she was driving at a reasonable rate of speed, at a reasonable distance from the curb, and that her car did not make contact with Dolgonos, thus establishing her prima facie entitlement to summary judgment (*see, Califano v Campaniello,* 243 AD2d 528).

In opposition, the plaintiff submitted, among other things, the affidavit of a nonparty witness who asserted that the defendant's car did, in fact, make contact with Dolgonos. Contrary to the defendant's assertion, the affidavit is not conclusory, and was sufficient to raise a material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Walsh v Turner Constr. Co.,* 252 AD2d 470).

Accordingly, the plaintiff proffered sufficient evidence to defeat the defendant's motion for summary judgment. Santucci, J. P., Altman, Townes and Crane, JJ., concur.