■ 10 EAST 70TH STREET, INC., Respondent, v ROGER GIMBEL et al., Appellants. [766 NYS2d 38] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered January 15, 2003, which, to the extent appealed from as limited by the brief, denied defendants' motion for summary judgment on their action seeking (1) a declaration that they obtained all necessary government and cooperative association approvals for the erection of a structure on their terrace and that they acquired exclusive use and occupancy of two disputed roof areas and (2) an order directing plaintiff to approve a plan to restore the disputed roof areas; and which granted plaintiff's cross motion for partial summary judgment on its action seeking a declaration (1) that it may lawfully insist upon removal of the terrace structure at defendants' sole cost and expense, (2) that defendants must permit reasonable inspection of the underlying roof and its mechanical appurtenances, and (3) that the disputed roof areas are part of the cooperative's common area, unanimously modified, on the law, to the extent of vacating that part of the order that concluded that the defendants are solely responsible for the cost of the structure's removal, and remanding that issue for trial, and otherwise affirmed, without costs.

The affidavit of a cooperative board member attesting to the lack of board approval of the apartment extension, as ultimately constructed, and defendants' failure to establish that the structure was built according to plans for a "greenhouse," which seem to have received the approval of both the board and the Department of Buildings, demonstrate that defendants failed to establish their prima facie entitlement to summary judgment by "tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In the absence of any "specific allegation of fraud, bad faith or self-dealing" (*Jones v Surrey Coop. Apts.*, 263 AD2d 33, 35-36 [1999]), the board's decision to require removal of the addition in order to comply

with fire regulations and to permit access for maintenance, inspection and repair of the building facade is shielded by the business judgment rule (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *Konrad v 136 E. 64th St. Corp.*, 254 AD2d 110 [1998], *lv denied and dismissed* 92 NY2d 1042 [1999]). However, the extensive nature of the work suggests that it could not have been performed without the acquiescence of the board and the oversight of the former management company, thereby raising an issue of fact concerning defendants' obligation to assume sole responsibility for the expense of removing the structure. Finally, plaintiff was appropriately granted a declaration that the disputed roof areas were part of its common area. The record supports the finding that defendant tenants entered into possession permissively, thus defeating their claim of adverse possession (*see Joseph v Whitcombe*, 279 AD2d 122 [2001]). Likewise, the authorization granted by the cooperative board to the predecessor unit owners to use exclusively the disputed roof areas warranted a finding that defendants acquired a revocable license to use them (*see Gracie Terrace Apt. Corp. v Goldstone*, 103 AD2d 699, 701 [1984], *appeal dismissed* 63 NY2d 952 [1984]; *Sarfaty v Evangelist*, 142 AD2d 995, 996 [1988]). Consequently, plaintiff cooperative corporation was justified in revoking the license during the time that the roof was undergoing repair and in requiring defendants to submit, for the board's approval, a plan for their use of the roof areas prior to restoration of the license. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.