■ Louis Affenito, Appellant, v PJC 90th Street LLC, Defendant, and Victory Café, Respondent. [774 NYS2d 30]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about May 16, 2003, which, to the extent appealed from, granted defendant Victory Café's motion for summary judgment and dismissed the complaint as against that entity, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against said defendant.

This is a personal injury action in which plaintiff Louis Affenito alleges that he sustained personal injuries as the result of an accident which occurred while he was riding his bicycle on East 90th Street at Third Avenue in New York, New York. Defendant Victory Café is located on the corner of East 90th Street and Third Avenue.

Plaintiff testified at an examination before trial conducted on June 20, 2001 that at approximately 8:30 A.M. on July 16, 2000, he was riding his bicycle near the center of East 90th Street toward Third Avenue, and that at the time there was no vehicular traffic. Plaintiff maintained that as he approached the Victory Café, he noticed someone in his peripheral view wearing a white busboy's coat standing between two parked cars. The individual was purportedly "looking down, like doing something down" and, within five seconds of passing this person, plaintiff's bicycle slid out from under him on a wet, slimy substance on the roadway. As a result of the fall, plaintiff sustained a fractured hip and neck injuries.

Plaintiff testified that after he fell, he observed that the substance he slipped on looked like "something that had been regurgitated from someone" and that it was spread across the center of the street. Plaintiff also observed that the busboy was hosing the substance "straight down the center of the street towards the drain."

Sean Murphy, a part owner of the Victory Café, was deposed on behalf of that party on November 5, 2001. Murphy testified that the restaurant's outdoor dining area seated 42 people, and that a hose was located on the 90th Street side of the building which was used by the clean-up staff, when necessary, to wash down the outdoor dining area. Murphy averred that the employee engaged in cleaning the sidewalk, which was done prior to 10:30 A.M. so the sidewalk would be dry when the café opened, may have been wearing "a white jacket, jacket type of shirt." Although Murphy was fairly sure of the identity of the manager of the Victory Café on the day of the accident, he did not know if that individual was on the premises when it occurred, and he was also unsure if any records existed which would delineate the clean-up staff on the date in question.

Victory Café subsequently moved for summary judgment on the grounds that there was no evidence that it caused the hazardous condition. Plaintiff cross-moved for summary judgment on the issue of liability, arguing that he had provided ample evidence that an employee of the Victory Café had created the dangerous condition. The motion court granted Victory Café's motion, finding that the evidence was insufficient to infer negligence on the part of defendant. Plaintiff appeals and we now reverse.

It is settled that the proponent of a motion for summary judgment must establish that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *10 E. 70th St. v Gimbel*, 309 AD2d 644 [2003]). Moreover, plaintiff may establish a prima facie case of negligence based wholly on circumstantial evidence as long as he/she demonstrates the existence of " 'facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986] [citation omitted]; *J.E. v Beth Israel Hosp.*, 295 AD2d 281, 283 [2002], *lv denied* 99 NY2d 507 [2003]). Plaintiff's proof need not exclude every other possible cause of the accident, but "must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Schneider v Kings Highway Hosp. Ctr., supra* at 744). In sum, plaintiff must prove "that it was 'more likely' or 'more reasonable' that the alleged injury was caused by the defendant's negligence than by some other agency" (*Gayle v City of New York*, 92 NY2d 936, 937 [1998] [citations omitted]).

In this matter, plaintiff's deposition testimony, in light of the deposition testimony of Murphy, is sufficient to give rise to an inference of negligence. Plaintiff testified that he noticed an individual dressed as a busboy, apparently performing some task between parked cars, as he rode down 90th Street toward Third Avenue. Plaintiff also stated that after he fell, he observed the busboy with a hose in his hand washing the slimy substance down the center of the street. Defendant, on the other hand, fails to directly refute any of plaintiff's allegations and, in fact, acknowledges that a hose, located on 90th Street, was used, when necessary, to wash the sidewalk where the outdoor dining area was located; that it was done early in the morning, the same time of day as the accident; and that its employee may very well have been wearing a white uniform jacket or shirt.

Finally, the motion court's conclusion that plaintiff's statement that the busboy "was hosing [the slimy substance] straight down the center of the street towards the drain" referred to the "employee's actions, after the accident, to prevent anyone else from being injured," is an issue best left to the trier of fact, especially in light of defendant's failure to produce any evidence in support of this theory. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.