■ RICHARD DeSILVA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [790 NYS2d 87]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered January 22, 2004, which, to the extent appealable, granted the motion of defendants Manhattan and Bronx Surface Transit Operating Authority and New York City Transit Authority (Transit Authority) and the cross motions of defendants Consolidated Edison Company of New York, Inc. (Con Edison) and Empire City Subway (Empire) for summary judgment and dismissed the complaint, unanimously modified, on the law, to deny the cross motion of defendant Con Edison, to reinstate the complaint against this defendant, and otherwise affirmed, without costs. Appeal from that portion of the same order granting the cross motion of defendant City of New York for summary judgment dismissing the complaint against it, unanimously dismissed, without costs.

Not having opposed defendant City's cross motion, plaintiffs cannot appeal the portion of the order affording the City relief (*see* CPLR 5511). In any event, summary judgment was properly granted the City inasmuch as there is no evidence that the City had notice of the alleged condition as required by Administrative Code of the City of New York § 7-201 (c) (2). The work permits issued by the City to Con Edison and Empire give no indication that the City was aware of the defective condition that allegedly caused plaintiff's fall so as to constitute a "written acknowledgment" within the meaning of the Pothole Law (*see Dalton v City of Saratoga Springs*, 12 AD3d 899, 901 n 2 [2004]; *cf. Bruni v City of New York*, 2 NY3d 319, 325 [2004]), and the issuance of the work permits is insufficient to satisfy the prior written notice requirement of the statute (*Gee v City of New York*, 304 AD2d 615, 617 [2003]; *Levbarg v City of New York*, 282 AD2d 239, 241-242 [2001]; *Meltzer v City of New York*, 156 AD2d 124 [1989]).

Summary judgment was properly granted the Transit Authority in the absence of any evidence that it had constructive notice that there was a manhole cover lying on its grating (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Doherty v Great Atl. & Pac. Tea Co.*, 265 AD2d 447 [1999]; *Hoberman v Kids "R" Us*, 187 AD2d 187, 191 [1993]; *O'Rourke v Sachel Hardware*, 178 AD2d 134 [1991]).

Summary judgment should have been denied to defendant Con Edison. In October 1999, three months before plaintiff tripped and fell on the manhole cover, Con Edison had been issued a permit to repair a gas line at "the roadway and/or sidewalk of Broadway and Warren Street," the area where plaintiff fell. Further, the record reveals that in response to a complaint that a manhole cover on Broadway between Warren and Murray Streets was "popping up" when vehicles ran over it, this defendant had removed and replaced one of its manhole covers. A Con Edison employee testified that he did not know what they did with the cover that they replaced. This evidence, while circumstantial, provides a sufficient link between Con Edison and the hazardous condition that caused plaintiff's injury to preclude summary judgment in favor of this defendant (*see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Affenito v PJC 90th St.*, 5 AD3d 243, 245 [2004]; *Wasserman v City of New York*, 267 AD2d 151 [1999]; *Walsh v Turner Constr. Co.*, 252 AD2d 470 [1998]).

By contrast, while defendant Empire was also doing work in the area approximately two months prior to plaintiff's accident, the record reveals that this defendant's work was limited to scraping asphalt from an existing manhole cover, and that this defendant only removed manhole covers owned by it and marked with its initials. An Empire worker testified at his deposition that no Empire worker had removed a manhole cover in this area prior to plaintiff's accident, and that he was positive, based upon the lack of markings, that the manhole cover in plaintiff's pictures did not belong to Empire. As it would require speculation to conclude that Empire was responsible for the existence of a manhole cover on the subway grate, summary judgment was properly granted in favor of this defendant (*see Schafrick v Shinnecock Bait & Tackle Co.*, 204 AD2d 706, 707-708 [1994]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.