■ LINDA INGRAM, Appellant, v CITY OF NEW YORK et al., Defendants, and EMPIRE CITY SUBWAY COMPANY, Respondent. [816 NYS2d 5]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered January 6, 2005, which, to the extent appealed from, granted the motion of defendant Empire City Subway Company (ECS) for summary judgment and dismissal of the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated as to ECS, and the matter remanded for further proceedings.

The record shows that a triable issue of material fact exists as

to whether defendant ECS caused the roadway depression near the south curb of Spruce Street, a one-block, east-west thoroughfare in lower Manhattan, where plaintiff allegedly suffered her trip-and-fall injury. ECS, which admittedly owns and/or maintains conduits that run beneath the street along the north and south curblines, admitted undertaking or subcontracting out trench work along the north curb that was conducted within two years of plaintiff's accident, and did not deny conducting repairs along the south curb at some point in time. Hence, it may be reasonably inferred, for purposes of summary judgment, that ECS had a duty to maintain that portion of the roadway, since it had made either a special use of the area for its conduits (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]), or it had exercised a degree of control over the area encompassing its conduits by conducting or subcontracting out the necessary maintenance work (*see Walsh v Turner Constr. Co.*, 252 AD2d 470 [1998]). Resolution of this and related material factual issues requires that ECS remain in the case. Concur—Mazzarelli, J.P., Andrias, Marlow, Williams and Sweeny, JJ.