■ Alvin Klein, Respondent, v Sujin Food Corp., Doing Business as Smiler's, et al., Appellants. [818 NYS2d 66]—

Order, Supreme Court, New York County (Carol R. Edmead,

J.), entered January 30, 2006, which denied the motion by defendant 726 Associates and the cross motion by the Smiler's defendants for summary judgment, unanimously modified, on the law, the motion by 726 Associates granted, the complaint dismissed as against said defendant, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff failed to raise a question of fact as to whether the greasy substance on which he allegedly slipped was created by Smiler's through a special use of the sidewalk, since he did not fall either in the area of the metal doors or where the items were being sold (*see Yee v Chang Xin Food Mkt.*, 302 AD2d 518 [2003]). The store's conduct in putting the trash by the curb for collection did not constitute such a special use (*see Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930 [2005]). Plaintiff did raise a question of fact, however, as to whether Smiler's had created the defective condition (*see Affenito v PJC 90th St.*, 5 AD3d 243 [2004]; *Vazquez v Santana*, 291 AD2d 230 [2002]). Nevertheless, the court improperly denied summary judgment as to 726 Associates, an out-of-possession landlord with no notice of the defect, and no indication of any code violations or structural defects on the premises (*Hernandez v Seven Fried Food*, 292 AD2d 343 [2002]). Plaintiff's reliance on photographs allegedly depicting discoloration of the sidewalk for the proposition that Associates had notice of the sidewalk defect is sheer speculation. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.