■ GINA GABRIELE, Appellant, v EDGEWATER PARK OWNERS COOPERATIVE CORP., INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [891 NYS2d 319]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about July 29, 2008, which granted motions by the city defendants and Edgewater Park Owners Cooperative Corp., Inc. for summary judgment respectively dismissing the complaint as against each, unanimously modified, on the law, to deny Edgewater's motion, and otherwise affirmed, without costs.

Plaintiff asserts that as she was getting out of a vehicle, she was forced by construction work on the sidewalk to walk onto the roadway, and was injured when she stepped into a pothole located one foot from the curb. Edgewater, whose property abutted the sidewalk, had a duty to keep the sidewalk in a reasonably safe condition (Administrative Code of City of NY § 7-210). As Edgewater did not proffer its declaration or bylaws, it does not avail it to argue that as a large, cooperative development consisting of 675 unattached, single-family homes, any liability rests solely with the shareholder whose unit abutted the portion of the sidewalk that was obstructed (cf. Murphy v State of New York, 14 AD3d 127 [2004]). Edgewater's evidence that it did not undertake or authorize the construction merely raises an issue of fact as to who might have done so. Plaintiff's failure to include certain of Edgewater's exhibits in the appellate record does not preclude meaningful review (cf. Sebag v Narvaez, 60 AD3d 485 [2009]).

Concerning the City, the complaint was properly dismissed in the absence of evidence rebutting the City's prima facie showing that it did not have notice of or create the pothole in question (Administrative Code § 7-201 [c] [2]; cf. Kiernan v Thompson, 73 NY2d 840, 841-842 [1988]). Permits issued by the City in the months prior to plaintiff's accident for water meter work in units close to the unit immediately abutting the obstructed area of the sidewalk do not indicate that the City was aware of the pothole in question "so as to constitute a 'written acknowledgment' within the meaning of the Pothole Law, and the issuance of the work permits is insufficient to satisfy the prior written notice requirement of the statute" (DeSilva v City of New York, 15 AD3d 252, 253 [2005] [citations omitted]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Richter, JJ.