■ COMPTON CASE, Respondent, v CITY OF NEW YORK et al., Defendants, and VERIZON NEW YORK, INC., Appellant. [918 NYS2d 352]—

The plaintiff allegedly tripped and fell over a manhole cover, which was allegedly uneven with the street level, located on East 21st Street at its intersection with Church Avenue in Brooklyn.

The defendant Verizon New York, Inc. (hereinafter Verizon), established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of its scheduling manager, Aaron Crawford, which demonstrated that there were no manhole covers belonging to Verizon located in the area where the plaintiff fell. Crawford asserted that the manhole cover located in the area of the plaintiff's fall did not belong to Verizon because it did not contain Verizon markings and it had a hole in the center (*see DeSilva v City of New York*, 15 AD3d 252, 254 [2005]). In opposition, however, the plaintiff raised a triable issue of fact as to whether work performed by Verizon in the immediate area caused or contributed to the manhole cover being uneven with the street level (*see Cendales v City of New York*, 25 AD3d 579, 581 [2006]).

Accordingly, the Supreme Court properly denied that branch of Verizon's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Covello, J.P., Lott, Roman and Miller, JJ., concur.