■ MARIAN O'CONNOR, Respondent, v RESTANI CONSTRUCTION CORP., Appellant, et al., Defendants. [29 NYS3d 8]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered January 26, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Restani Construction Corp.'s (Restani) motion for summary judgment, unanimously affirmed, without costs.

Supreme Court correctly denied Restani's motion for summary judgment, because Restani failed to meet its initial burden to offer proof sufficient to show that it did not create the hole in the crosswalk that caused plaintiff to fall. It is undisputed that Restani employees performed milling work at the accident location eight days before it happened (see DeSilva

*v City of New York*, 15 AD3d 252, 254 [1st Dept 2005]). The May 31, 2011 Inspector's Report of the New York City Department of Design and Construction fails to establish the accident location was in a reasonably safe condition on May 23, 2011, because the statements contained in that report are inadmissible hearsay (*see Rue v Stokes*, 191 AD2d 245 [1st Dept 1993]). Even if the Report could be admitted as a business record, there is no foundation in the record to support its admissibility (*see Daliendo v Johnson*, 147 AD2d 312, 321 [2d Dept 1989]).

In addition, Restani failed to meet its initial burden to show that it lacked actual notice, because its witness did not testify during his deposition that Restani had not received a complaint about the hole prior to the accident (*see Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1469 [4th Dept 2013]). Lastly, Restani failed to establish it lacked constructive notice of the hole, because it is undisputed that Restani was responsible to inspect and maintain the subject location between May 24, 2011 and June 8, 2011, but presented no evidence that its employees had actually inspected the area prior to the June 1, 2011 accident (*see Aviles v 2333 1st Corp.*, 66 AD3d 432 [1st Dept 2009]). Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.