Pronk v Standard Hotel (2018 NY Slip Op 00903)





Pronk v Standard Hotel


2018 NY Slip Op 00903


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5651 157267/12

[*1]Rubinald Pronk, Plaintiff-Respondent,
v
The Standard Hotel also known as the Standard Highline Hotel, et al., Defendants-Appellants.


Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York (Christopher M. Yapchanyk of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia (Michael T. Colavecchio of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered November 18, 2016, which, upon reargument, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff cut his left foot on a glass votive candleholder while entering a spa pool in the "Le Bain Club," which was owned by defendants the Standard Hotel a/k/a the Standard Highline Hotel and Andre Balazs Properties, and managed by defendant Hotels AB, LLC.
There are triable issues of fact as to whether defendants breached their duty to maintain the premises in a reasonably safe condition by placing glass candleholders on tables in close proximity to the spa pool, where people could be expected to be walking barefoot, and whether that breach proximately caused plaintiff's injuries (see Boderick v R.Y. Mgt. Co., Inc., 71 AD3d 144, 147 [1st Dept 2009]).
Additionally, defendants never met their initial burden to show that they lacked notice. In particular, defendants failed to show that they lacked actual notice of glass in the spa pool, because none of their witnesses testified or averred that they never received any complaints about the area before the accident (see O'Connor v Restani Constr. Corp., 137 AD3d 672, 673 [1st Dept 2016]). Defendants failed to show that they lacked constructive notice, because their employee who was responsible for checking the spa pool averred that she did not check the pool for about five hours before the accident (see id.; see also Jahn v SH Entertainment, LLC, 117 AD3d 473, 473 [1st Dept 2014]). Given defendants' failure to meet their initial burden, the burden never shifted to plaintiff (see Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK