Fitzgerald Edibles, Inc. v Osborne Tenants Corp. (2020 NY Slip Op 00088)





Fitzgerald Edibles, Inc. v Osborne Tenants Corp.


2020 NY Slip Op 00088


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10711 150625/12

[*1] Fitzgerald Edibles, Inc., doing business as P.J. Carneys, Plaintiff-Appellant,
v
Osborne Tenants Corp., et al., Defendants-Respondents, Yunga Construction Inc., Defendant.


Law Office of James C. Mantia, P.C., New York (James C. Mantia of counsel), for appellant.
Robert I. Cantor, PLLC, New York (Patrick Train-Gutiérrez of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered May 11, 2018, which, to the extent appealed from, granted defendants Osborne Tenants Corp. and Joseph Ferrara's motion to set aside the award of punitive damages, and denied plaintiff's application for a judgment declaring that it is restored to possession of contested areas of the building and that it has a prescriptive easement, unanimously affirmed, without costs.
The trial court's conclusion that restoration to the premises following the wrongful eviction would be futile is supported by the jury's finding that there was no trespass to land (see Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, 265 AD2d 415, 416 [2d Dept 1999]). The trial court also correctly concluded, given the trial testimony that plaintiff had permission from the net lessee to use the vestibule or, alternatively, that the vestibule was a common area, that plaintiff's use lacked the requisite hostility to establish its entitlement to a prescriptive easement (see Amalgamated Dwellings, Inc. v Hillman Hous. Corp., 33 AD3d 364 [1st Dept 2006]; 10 E. 70th St. v Gimbel, 309 AD2d 644, 645 [1st Dept 2003]).
On this record, the court properly set aside the award of punitive damages.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK