| AIG Prop. Cas. Co. v Cohen |
|:---:|
| 2024 NY Slip Op 33426(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150395/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO          PART          33M

*Justice*

---------------------------------------------------------------------X

AIG PROPERTY CASUALTY COMPANY, PACIFIC
INDEMNITY COMPANY A/S/O ROBERT BERGMAN AND
LAURIE MCCANNEL, GREAT NORTHERN INSURANCE
COMPANY A/S/O ROBERT WETENHALL, PACIFIC
INDEMNITY A/S/O CLIVE J. DAVIS PACIFIC INDEMNITY
COMPANY A/S/O GERTRUDE GLEKEL, CLIVE J. DAVIS
PACIFIC INDEMNITY COMPANY A/S/O GERTRUDE
GLEKEL, LOUISE S. LEHRMAN,

Plaintiff,

- v -

GLORIA COHEN, MILLER & RAVED, INC.,FORWARD
MECHANICAL CORP., RITZ COHEN LLC,Z.W. PLUMBING
& HEATING CORP.,

Defendant.

-----------------------------------------------------------------------X

FORWARD MECHANICAL CORP.

Plaintiff,

-against-

Z.W. PLUMBING & HEATING CORP., ON SITE DEMOLITION
& TRUCKING, CORP.

Defendant.

-----------------------------------------------------------------------X

MILLER & RAVED, INC.

Plaintiff,

-against-

Z.W. PLUMBING & HEATING CORP., ON SITE DEMOLITION
& TRUCKING, CORP.

Defendant.

-----------------------------------------------------------------------X

FORWARD MECHANICAL CORP.

| | |
|---|---|
| INDEX NO. | 150395/2022 |
| MOTION DATE | 04/18/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595650/2022

Second Third-Party
Index No. 595131/2023

Third Third-Party
Index No. 595559/2023

150395/2022   AIG PROPERTY CASUALTY COMPANY vs. COHEN, GLORIA ET AL        Page 1 of 5
Motion No. 005

1 of 5

Plaintiff,

-against-

THE RITZ TOWER, INC., THE BOARD OF DIRECTORS OF
THE RITZ TOWER, INC., RICHARD A. VEFFER, MANAGING
DIRECTOR C/O THE BOARD OF DIRECTORS OF THE RITZ
TOWER, INC.

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 192, 193, 194, 195, 196, 197, 198, 200, 201, 202, 203, 204, 205, 206

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, Plaintiff AIG Property Casualty Company a/s/o Sherman

Investors 2020 LLC, Edward Pantzer, and Pamela Pantzer's ("Plaintiff") motion for summary

judgment against Defendant Ritz Cohen LLC ("Ritz Cohen") and for an order severing and

continuing this action against the remaining defendants, is denied without prejudice.

## I.     Background

This is a subrogation action to recover insurance proceeds paid to various insureds as a

result of alleged water damage to residential apartments. Plaintiff insured unit 10B at 465 Park

Avenue, New York, New York. Unit 10B is owned by Sherman Investors 2020 LLC. Defendant

Ritz Cohen owns apartments 11B, 11C, 11D, 11E, and 11F on the eleventh floor of the building.

In 2005, Ritz Cohen performed a gut renovation to combine its various owned apartments into one

apartment. To obtain approval for the gut renovation, Ritz Cohen submitted an alteration

application.

Many years later, on August 2, 2021, a metal plug allegedly inserted into a pipe in the Ritz

Cohen Apartments failed and caused water to flow down into several apartments, including unit

10B. The metal plug apparently failed because it became rusted. Plaintiff seeks summary judgment

based on an indemnification clause found in the alteration agreement submitted by Ritz Cohen in

**150395/2022  AIG PROPERTY CASUALTY COMPANY vs. COHEN, GLORIA ET AL**          **Page 2 of 5**
**Motion No.  005**

2 of 5

[* 2]

connection with its gut renovation project. Plaintiff further submits a variety of New York City Department of Building applications regarding the renovation work and the expert affidavit of Philip J. Smalley, P.E. Plaintiff relies on the language of the indemnification clause in the alteration agreement and Mr. Smalley's report to argue it is entitled to summary judgment.

Ritz Cohen opposes the motion. Ritz Cohen challenges the evidentiary proof in support of Plaintiff's motion and argues that it is not properly authenticated and therefore inadmissible. They further argue that an indemnification obligation 15 years after the renovation was complete was not clearly implied from the language and purposes of the alteration agreement. Specifically, Ritz Cohen argues that the alteration agreement is unsigned and there is no proper foundation laid regarding the admissibility of that document. Ritz Cohen further argues that the New York City DOB reports and the building incident report are hearsay which have not been properly authenticated by anyone with personal knowledge of those documents or the contents contained therein. Ritz Cohen further argues that Plaintiff has failed to show it was assigned any purported indemnification rights under the alteration agreement.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980];

**150395/2022  AIG PROPERTY CASUALTY COMPANY vs. COHEN, GLORIA ET AL**  **Page 3 of 5**
**Motion No. 005**

[* 3]

3 of 5

*Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

As Ritz Cohen correctly points out, summary judgment must be denied due to the lack of admissible evidence. Here, Plaintiff has failed to meet its *prima facie* burden of showing its entitlement to summary judgment through admissible evidence. Plaintiff has failed to submit an affidavit from someone with personal knowledge of the alteration proposal, agreement, and varying riders, and instead relies on Plaintiff's counsel's affirmation to introduce these documents. Nor is there any deposition testimony annexed authenticating the documents. The same error has been made regarding the various Department of Building permits inspection agreements, and the On Site Contract.

Pursuant to CPLR § 4518(a), a document may be considered a business record and therefore exempt from the rule against hearsay if there is testimony which shows it was made in the regular course of any business at the time of the act, transaction, occurrence or event. Plaintiff's counsel's affirmation fails to do this. This failure is fatal to Plaintiff's evidentiary burden on a motion for summary judgment (*see Muslar v Hall*, 214 AD3d 77 [1st Dept 2023]; *O'Connor v Restani Const. Corp.*, 137 AD3d 672 [1st Dept 2016]). Here, these requirements have not been met. As Plaintiff has not met their evidentiary burden, the Court does not yet reach the merits of Plaintiff's arguments with respect to entitlement to indemnification.

Therefore, the motion is denied without prejudice, with leave to renew upon proper documents and testimony. Indeed, according to the preliminary conference order (NYSCEF Doc. 169) depositions will not be complete until October 30, 2024.

**150395/2022  AIG PROPERTY CASUALTY COMPANY vs. COHEN, GLORIA ET AL**
**Motion No.  005**

**Page 4 of 5**

4 of 5

[* 4]

Accordingly, it is hereby,

ORDERED that Plaintiff AIG Property Casualty Company a/s/o Sherman Investors 2020 LLC, Edward Pantzer, and Pamela Pantzer's motion for summary judgment against Defendant Ritz Cohen LLC and for an order severing and continuing this action against the remaining defendants, is denied without prejudice, with leave to renew upon proper supporting documents and testimony; and it is further

ORDERED that the parties are directed to comply with the directives set forth in this Court's preliminary conference order dated February 14, 2024 (NYSCEF Doc. 169), and should any issues arise with compliance prior to the next scheduled conference date, they shall notify this Court via e-mail to SFC-Part33-Clerk@nycourts.gov; and it is further

ORDERED that the parties are directed to appear for a compliance conference with the Court on November 6, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for Defendant Ritz Cohen LLC shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | _Mary V Rosado  JSC_ |
|-----------|----------------------|
| DATE | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE:

| | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | GRANTED | x | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:    SETTLE ORDER    SUBMIT ORDER

CHECK IF APPROPRIATE:    INCLUDES TRANSFER/REASSIGN    FIDUCIARY APPOINTMENT    REFERENCE

150395/2022  AIG PROPERTY CASUALTY COMPANY vs. COHEN, GLORIA ET AL
Motion No. 005

Page 5 of 5

5 of 5