Quezada v Consolidated Edison Co. of N.Y., Inc. (2025 NY Slip Op 06829)

Quezada v Consolidated Edison Co. of N.Y., Inc.

2025 NY Slip Op 06829

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 158013/16|Appeal No. 5298|Case No. 2024-04805|

[*1]Pablo Quezada, Plaintiff-Respondent,
v
Consolidated Edison Company of New York, Inc., Defendant-Appellant.

DSR Appeals, Montrose (Daniel S. Ratner of counsel), for appellant.
Goldberger & Dubin, P.C., New York (Stacey Van Malden of counsel), for respondent.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered June 10, 2024, which denied the motion of defendant Consolidated Edison Company of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant failed to establish its prima facie entitlement to summary judgment. The affidavit of Con Edison's engineering supervisor averring that he reviewed its records and found that Con Edison "did not and does not own, nor maintain, any manholes within 50 feet" of the accident location was not dispositive as the lid that struck plaintiff's vehicle had been dislodged from its manhole and could have migrated to the accident location. Plaintiff testified that although the subject manhole cover was too far for him to read the writing on the cover after the accident, he heard the firefighters and a paramedic responding to the accident state that the cover belonged to Con Edison. When plaintiff returned to the accident site a couple of weeks later, he found the lid he believed caused his accident, which had Con Edison stamped on it. The affidavit of the District Supervisor for the Department of Environmental Protection further demonstrated that the subject manhole cover had "Con Edison Co" stamped on it when the supervisor inspected the area about two and a half years after the accident.
There is also circumstantial evidence "sufficient to create an issue of fact as to whether [Con Edison] created the condition" (Healy v ARP Cable, 299 AD2d 152, 154 [1st Dept 2002]). The record shows that Con Edison was issued a permit seven days before the accident to occupy the roadway where the accident occurred for the purpose of street light arm removal (see DeSilva v City of New York, 15 AD3d 252, 254 [1st Dept 2005]). This evidence provides a sufficient link between Con Edison and the hazardous condition that caused plaintiff's injury to preclude summary judgment in Con Edison's favor (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025