■ HELEN IRWIN, Respondent, v EUGENE MUCHA, Appellant.—Order unanimously affirmed with costs. Memorandum: In this negligence action, Supreme Court properly granted summary judgment to plaintiff on the issue of liability. The facts are simple and undisputed. Plaintiff and two others were passengers in an automobile owned and operated by defendant. Plaintiff was seated in the rear seat directly behind defendant. Defendant stopped the vehicle to permit all three passengers to alight and noted that the two passengers who alighted on the right side of the automobile had closed both the front and rear doors after exiting. He did not recall plaintiff closing the left rear door. Defendant then looked in his rearview mirror and, noticing that the rear seat was empty, put the car in gear and pulled forward. He had gone three to five feet forward when he heard plaintiff cry out. Plaintiff's left foot had been run over by the left rear wheel of defendant's automobile. At an examination before trial, plaintiff testified that she had not yet closed the door to the automobile when she was injured.

In moving for summary judgment, plaintiff was required to establish her cause of action "sufficiently to warrant the court

as a matter of law in directing judgment" in her favor (CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Plaintiff met that burden. Vehicle and Traffic Law § 1162 provides that "[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety." Moreover, it is well settled that a driver owes to his passengers a duty of reasonable care in both the driving and the stopping of his vehicle *(Mignery v Gabriel,* 2 AD2d 218, 222, *affd* 3 NY2d 1001; *Ross v Ching,* 146 AD2d 55).

To defeat the motion, defendant was required to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). Defendant's answer raised plaintiff's culpable conduct as an affirmative defense (CPLR 1411), and in opposition to the motion he argued that plaintiff was careless and inattentive, and implied that she should have avoided the accident by moving away from the vehicle. Since defendant's submission consists solely of speculation regarding plaintiff's conduct, it is insufficient to defeat plaintiff's motion. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a motion for summary judgment *(Zuckerman v City of New York, supra,* at 562). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.