■ FIRDOSH K. DOCTOR, Respondent, v BRENDA L. JULIANA et al., Defendants, and SCOTT H. HUGHES, Appellant. [716 NYS2d

196] —Order unanimously affirmed with costs. Memorandum: Plaintiff, a front-seat passenger in a motor vehicle operated by defendant Sesa N. Juliana, was injured when Juliana's vehicle collided with a vehicle owned and operated by Scott H. Hughes (defendant) at the intersection of Walnut and Vine Streets in the City of Lockport. That intersection is controlled by a four-way flashing signal, flashing yellow for east/west traffic on Walnut Street and flashing red for north/south traffic on Vine Street. Juliana was operating her vehicle southbound on Vine Street and defendant was operating his vehicle westbound on Walnut Street. Juliana failed to stop at the flashing red signal and struck defendant's vehicle in the area of the passenger side door.

Defendant moved for summary judgment dismissing the amended complaint and all cross claims against him on the ground that the sole proximate cause of the accident was the failure of Juliana to stop at the flashing red signal. Supreme Court properly denied the motion. It is well established that there may be more than one proximate cause of an injury (*see,* *Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560, n 2; *Forte v City of Albany*, 279 NY 416, 422, *rearg denied* 280 NY 572). Here, although it is undisputed that Juliana failed to stop, plaintiff submitted sufficient evidence to raise an issue of fact concerning the alleged negligence of defendant, i.e., whether he failed to use reasonable care when proceeding into the intersection (*see,* Vehicle and Traffic Law § 1113 [b]; § 1180 [a], [e]; *Shea v Judson*, 283 NY 393, 398; *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953-954; *LaForge v All Am. Car Rental* [appeal No. 1], 155 AD2d 873; *see also*, 1A NY PJI3d 2:80A). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.