■ SEGUNDO HERAS, Appellant-Respondent, v P.S. 71 Associates, L. L. C., Respondent, et al., Defendants, and GM CONSTRUCTION & WATERPROOFING CORP., Respondent-Appellant. [728 NYS2d 699] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated September 20, 2000, as granted the motion of the defendant P.S. 71 Associates, L. L. C., for summary judgment dismissing the complaint insofar as asserted against it, and the defendant GM Construction & Waterproofing Corp. separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion of the defendant P.S. 71 Associates, L. L. C., is denied, the complaint insofar as asserted against it is reinstated, the separate motion of the defendant GM Construction & Waterproofing Corp. is granted, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed.

On April 26, 1999, the plaintiff, a general laborer at a building construction site, allegedly sustained serious injuries when, as he was cutting metal reinforcement bars from an opening in a brick wall, a partially-cut bar gave way and he plunged 50 feet to the ground. The defendant P.S. 71 Associates, L. L. C. (hereinafter P.S. 71), was both the owner and general contractor of the building under construction. Soon after the accident, the plaintiff commenced this action against, among others, P.S. 71 and the defendant GM Construction & Waterproofing Corp. (hereinafter GMCW), a painting and masonry subcontractor. P.S. 71 moved for summary judgment dismissing the complaint insofar as asserted against it, claiming that the plaintiff was its employee, and thus was barred from maintaining an action against it by the Workers' Compensation Law. GMCW separately moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was not hired to perform work at the construction site until two weeks after the plaintiff's accident. The Supreme Court granted P.S. 71's motion, but denied GMCW's motion.

The plaintiff contends that the Supreme Court erred in granting P.S. 71's motion for summary judgment. We agree. P.S. 71 failed to submit sufficient evidentiary proof in admissible form that the plaintiff was its employee, to meet its initial burden of establishing that it was entitled to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). Moreover, even if P.S. 71 satisfied its initial burden, the plaintiff's evidentiary submissions raised a triable issue of fact as to the identity of his employer (*see, Caiola v Allcity Ins. Co.,* 257 AD2d 586).

However, GMCW's motion for summary judgment should have been granted. In support of its motion, GMCW established, prima facie, that it entered into a contract to perform work on the building on May 10, 1999, a date two weeks after the plaintiff's accident, and that its employees did not begin work until May 17, 1999 (*see,* CPLR 3212 [b]). The plaintiff and the other defendants did not dispute GMCW's claims. In light of the uncontradicted evidence that GMCW was not

responsible for the plaintiff's accident, it is entitled to summary judgment. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.