■ KEVIN O'HARA, Individually and as Parent and Guardian of SIERRA O'HARA, et al., Infants, Appellant, v

HEATHER M. TONNER, Respondent, and TINA O'HARA, Appellant. [732 NYS2d 147] —Mugglin, J. Appeals from an order and amended order of the Supreme Court (Dawson, J.), entered August 9, 2000 and August 10, 2000 in Essex County, which granted defendant Heather M. Tonner's motion for summary judgment dismissing the complaint and all cross claims against her.

This action stems from a two-car accident that occurred at the intersection of State Route 22 and Delano Road in the Town of Ticonderoga, Essex County. Defendant Heather M. Tonner was proceeding westbound on Route 22 when she struck a vehicle operated by defendant Tina O'Hara in which plaintiff's children were riding. According to the deposition testimony of O'Hara, she was traveling northbound on Delano Road and stopped for the stop sign that controls its intersection with Route 22. After twice looking both east and west, and observing no vehicular traffic, O'Hara proceeded across Route 22. Her vehicle was hit in the rear passenger side by the Tonner vehicle. Following joinder of issue and completion of discovery, Tonner sought summary judgment dismissing the complaint and all cross claims asserted against her. Plaintiff and O'Hara appeal Supreme Court's grant of Tonner's motion for summary judgment.

We affirm. Initially, we observe that the evidence presented by Tonner establishes entitlement to summary judgment shifting the burden to plaintiff and O'Hara to lay bare their proof showing the existence of genuine triable issues of fact to be resolved at trial (see, Jones v Fraser, 265 AD2d 773). Plaintiff and O'Hara contend that summary judgment is precluded by the existence of issues of fact concerning Tonner's failure to keep a proper lookout and driving at an imprudent speed under the circumstances.

The record reveals that, because of a "slight glare" from the setting sun, Tonner was wearing sunglasses, had her visor down and had reduced her speed approximately 10 miles per hour under the posted speed limit of 55. She testified at her deposition that she did not see the O'Hara vehicle crossing Route 22 until it was either slightly to the left or immediately in front of her and approximately one or two car lengths away, and that she applied her brakes and swerved left in an attempt to avoid the collision. It is beyond cavil that O'Hara was required to stop at the stop sign and yield the right-of-way to any vehicle that was approaching so closely on another highway as to constitute an immediate hazard (see, Vehicle and Traffic Law § 1142 [a]). Further, it is well settled that the

vehicle with the right-of-way is entitled to anticipate that a vehicle under the control of a stop sign will comply with the obligation to stop and yield the right-of-way (*see, Vogel v Gilbo*, 276 AD2d 977, 978; *Le Claire v Pratt*, 270 AD2d 612, 613).

While Tonner was obligated to "see what by the proper use of her senses she might have seen" (*Weigand v United Traction Co.*, 221 NY 39, 42), and while there may be more than one proximate cause of an accident (*see, Bush v Lamb-Grays Harbor Co.*, 246 AD2d 768, 771), O'Hara and plaintiff have failed to raise an issue of fact by submitting evidence, in admissible form, that Tonner negligently operated her vehicle or that any conduct on her part was a proximate cause of this accident. Their assertions that Tonner failed to keep a proper lookout or that her speed was imprudent rely on speculation. The record supports Supreme Court's conclusion that, as a matter of law, the sole proximate cause of the accident was O'Hara's failure to yield the right-of-way (*see, Le Claire v Pratt, supra*, at 613).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order and amended order are affirmed, with costs.