■ TINA COLARUOTOLO, Appellant, v SAMANTHA L. CROWLEY, Now Known as SAMANTHA DZIENISIEWICZ, Defendant, and ALLAN J. DAUS et al., Respondents. [736 NYS2d 525] —Mugglin, J. Appeal from an order of the Supreme Court (Keegan, J.), entered February 16, 2001 in Albany County, which granted certain defendants' motion for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff, a bus passenger, alleges that she was injured when the bus collided with a car, operated by defendant Samantha L. Crowley, at the intersection of Arch Street and West Street in the Town of Green Island, Albany County. As Crowley was proceeding north on West Street, she was required to stop at the intersection of Arch Street by the presence of a stop sign and a flashing red light. The westerly progress of the bus was controlled at this intersection by the presence of a flashing yellow light. Crowley, when deposed, testified that she stopped at the intersection but that her vision to her right (east) was blocked by the presence of a sport utility vehicle, which was illegally parked by a fire hydrant close to the intersection. She further testified that she slowly proceeded into the intersection. After looking in both directions and seeing nothing, she continued through the intersection and was only made aware of the presence of the bus by an exclamation from her passenger.

Defendant Allan J. Daus, the bus driver, testified at his deposition that he had just discharged a passenger one block east of the intersection and was proceeding at approximately 15 miles per hour, with his foot on the brake, preparing to turn right on Cohoes Street (one block west of the scene of the accident), when he observed Crowley's car as it emerged from behind the sport utility vehicle. He further testified that at that moment the bus was approximately 15 feet from the intersection and that, despite his braking harder, he could not stop the bus before the left front bumper of the bus collided with the right front fender of the car in what both drivers described as a minor impact. As a result of the police investigation, Crowley was issued a ticket for violating Vehicle and

Traffic Law § 1142 (a)—failure to yield the right-of-way—to which she ultimately pleaded guilty. Based on these facts, the owner of the bus, defendant Capital District Transportation Authority, and its subsidiaries (hereinafter collectively referred to as CDTA) and Daus successfully moved for summary judgment dismissing the complaint and all cross claims against them, and plaintiff appeals.

We affirm. Not only does the evidence submitted by CDTA and Daus establish that the sole proximate cause of the accident was Crowley's failure to yield the right-of-way (*see, Matt v Tricil [N.Y.]*, 260 AD2d 811), but their submissions demonstrating nonnegligent conduct on the part of Daus are sufficient to shift the burden to plaintiff to come forward with competent admissible evidence demonstrating the existence of genuine triable issues of fact (*see, Zuckerman v City of New York*, 49 NY2d 557). Plaintiff has attempted to demonstrate, solely by reliance on Daus's deposition testimony, that issues of fact concerning his comparative negligence should be submitted to the jury. Plaintiff points to claims that Daus failed to keep a proper lookout and violated Vehicle and Traffic Law § 1113 (b) as raising issues of fact. In intersection collision cases, we differentiate between those where *evidence* of a party's negligence has been submitted (*see, Boston v Dunham*, 274 AD2d 708) and those where allegations of negligence are supported only by hope, surmise or conjecture (*see, O'Hara v Tonner*, 288 AD2d 513). While Daus was obligated to "see what by the proper use of [his] senses [he] might have seen" (*Weigand v United Traction Co.*, 221 NY 39, 42) and while there may be more than one proximate cause of an accident (*see, Bush v Lamb-Grays Harbor Co.*, 246 AD2d 768, 771), there is simply no view of this evidence which points to negligent operation on the part of Daus. Moreover, we disagree with plaintiff's assertion that Vehicle and Traffic Law § 1113 (b), which requires that a vehicle entering an intersection controlled by a flashing yellow signal must proceed with caution, imposes a duty on Daus to stop the bus prior to the collision. Daus had the right-of-way and was entitled to anticipate that drivers whose progress is regulated by a stop sign and a flashing red light would comply with the Vehicle and Traffic Law and yield the right-of-way (*see, Matt v Tricil [N.Y.], supra* at 812; *Hazelton v Brown*, 248 AD2d 871, 873).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.