■ MARC A. HARRIS, Respondent, v NIKO DEVELOPMENT CORP., Appellant, and CITY OF NEW YORK et al., Respondents, et al., Defendant. [781 NYS2d 145]—

In an action to recover damages for personal injuries, the defendant Niko Development Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated May 22, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff-respondent and the defendant-respondent City of New York.

The plaintiff commenced this action seeking to recover damages for the injuries he sustained on March 19, 2001, when his motorcycle struck a vehicle operated by the defendant Pedro Cruz on Myrtle Avenue between Freedom Drive and Park Lane South in Queens. Seconds prior to the collision, Cruz abruptly stopped his vehicle because a backhoe (a construction vehicle) had darted out into lanes of moving traffic on Myrtle Avenue. The plaintiff alleges that he was unable to stop his motorcycle in time to avoid hitting Cruz's vehicle and that the defendant construction company, Niko Development Corp. (hereinafter Niko), was negligent in its operation of the backhoe.

Niko failed to meet its burden of establishing prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In support of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, Niko claimed that it did

not commence construction work or have any equipment at the site of the plaintiff's accident on the date of the accident, and therefore, it could not be held liable for the plaintiff's injuries. However, it failed to submit sufficient evidence to support this claim (*see Bral v City of New York,* 221 AD2d 283 [1995]; *cf. Heras v P.S. 71 Assoc.,* 286 AD2d 318 [2001]; *Soto v City of New York,* 244 AD2d 544 [1997]).

Accordingly, Niko's motion was properly denied. Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.