■ YVONNE GARNSEY, as Administrator of the Estate of KEVIN GARNSEY, Deceased, Appellant, v SCOTT S. BUJANOWSKI, Respondent. [786 NYS2d 632]—

Rose, J. Appeal from an order of the Supreme Court (Sise, J.), entered August 28, 2003 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff's husband drove his all-terrain, off-road vehicle onto a public highway and struck defendant's automobile. Tragically, he sustained fatal injuries. Following joinder of issue and depositions, defendant moved for summary judgment. Supreme Court granted the motion and plaintiff appeals.

We affirm. Defendant presented evidence that he was driving his car safely within the speed limit and with clear visibility when decedent unexpectedly and rapidly pulled from a dirt driveway onto the street. He also testified that, despite having slowed, braked and swerved, he was unable to avoid the collision. This evidence, together with decedent's undisputed failure to yield the right-of-way, was sufficient to meet defendant's initial burden to show that decedent's negligence was the sole proximate cause of the accident (*see Moore v Bremer*, 280 AD2d 729, 730 [2001]; *Matt v Tricil [N.Y.]*, 260 AD2d 811, 812 [1999]).

In response, plaintiff failed to raise a triable issue of fact as to whether defendant was also negligent in causing the accident or failing to avoid it (*see Colaruotolo v Crowley*, 290 AD2d 863, 864 [2002]; *Peschieri v Estate of Ballweber*, 285 AD2d 921, 923 [2001]). Other than citing immaterial inconsistencies in defendant's past statements, plaintiff points to the statement of the only eyewitness that before decedent entered the street, he had been traveling along the side of the pavement parallel to the road, rather than stopped in the driveway as defendant alleges. Regardless of decedent's off-road position, defendant was

entitled, as the one with the right-of-way, to anticipate that decedent would obey the traffic laws and not drive onto the pavement and into his lane (*see O'Hara v Tonner*, 288 AD2d 513, 514-515 [2001]; *Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742 [2001]).

Finally, we cannot agree that Supreme Court's consideration of the summary judgment motion was premature. It was mere speculation on the part of plaintiff's counsel that further discovery might uncover facts relevant to the happening of the accident (*see Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]).

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.