■ RICHARD M. STEVENS, III, Appellant, v CHARLES ZUKOWSKI, Respondent. [865 NYS2d 435]—

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered April 26, 2007. The order, insofar as appealed from, denied that part of the motion of plaintiff to dismiss the second affirmative defense.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the second affirmative defense is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when, according to plaintiff, a vehicle driven by defendant suddenly pulled out in front of the

motorcycle driven by plaintiff, causing plaintiff to strike defendant's vehicle because he had no time to take evasive action. Plaintiff thereafter moved for partial summary judgment on the issue of liability, and he sought dismissal of "any affirmative defenses of contributory negligence." Supreme Court granted that part of plaintiff's motion with respect to partial summary judgment on liability, i.e., negligence and proximate cause, but denied that part seeking dismissal of the affirmative defenses "relating to Plaintiff's alleged culpable conduct and comparative negligence." We agree with plaintiff that the court should have granted his motion in its entirety. Plaintiff established as a matter of law that defendant's negligence was the sole proximate cause of the accident (*see Miller v Richardson,* 48 AD3d 1298, 1300 [2008]; *Pomietlasz v Smith,* 31 AD3d 1173 [2006]; *Kelsey v Degan,* 266 AD2d 843 [1999]), and defendant failed to raise a triable issue of fact (*see Pomietlasz,* 31 AD3d 1173 [2006]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.