KATRINA M. GROBOSKI, Appellant, v LOUIS GODFROY IV et al., Respondents. [903 NYS2d 203]—

Kavanagh, J. Appeal from an order of the Supreme Court (Hummel, J.), entered July 31, 2009 in Columbia County, which granted defendants' motion for summary judgment dismissing the complaint.

At approximately 10:00 P.M. on August 27, 2007, plaintiff, while operating a motor vehicle, exited a gas station parking lot and was in the process of crossing a four-lane highway to make a left turn onto the eastbound lane of Route 295 in the Town of Chatham, Columbia County when her vehicle was struck broadside by an automobile being driven by defendant Louis Godfroy IV (hereinafter Godfroy). Plaintiff subsequently commenced this action against Godfroy and the vehicle's owner, defendant Louis Godfroy III, to recover damages for the injuries she sustained in this accident.[1] Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion, which, in turn, prompted this appeal.

We affirm. In support of their motion for summary judgment, defendants presented Godfroy's own testimony, as well as that of a professional engineer, to establish that prior to the accident, Godfroy had the right-of-way and was traveling within the 55 mile per hour speed limit when plaintiff's vehicle suddenly accelerated onto the highway in front of him, leaving Godfroy an inadequate amount of time to take evasive action and avoid this collision. "This evidence, together with [plaintiff's] undisputed failure to yield the right-of-way, was sufficient to meet defendant[s'] initial burden to show that [plaintiff's] negligence was the sole proximate cause of the accident" (*Garnsey v Bujanowski*, 13 AD3d 857, 857 [2004] [citations omitted]; *see Khan v Nelson*, 68 AD3d 1062, 1062-1063 [2009]; *Horton v Warden*, 32 AD3d 570, 572 [2006]; *Rowe v Harrison*, 303 AD2d 863, 863 [2003]).

In response, plaintiff submitted her own affidavit as well as deposition testimony that she has given in this action to establish that, at the time of the accident, Godfroy was operating his motor vehicle at an excessive rate of speed and, as a result, could not avoid colliding with her vehicle as she entered onto the highway to make a left turn into the eastbound lane of Route 295 (*see Colaruotolo v Crowley*, 290 AD2d 863, 864

---

**1.** Plaintiff also named the Village of Chatham as a defendant, but later agreed to discontinue the action against the Village when it was determined that Godfroy, a Village police officer, was off-duty when the accident occurred.

[2002]).[2] Plaintiff specifically claims that she first saw Godfroy's vehicle approximately five seconds before the accident and, at the time, the vehicle was traveling in her direction approximately 500 feet from the entrance to the gas station parking lot. She acknowledged not knowing the speed of Godfroy's vehicle at the time of the accident, but argues that it must have been traveling well in excess of the posted speed limit for it to have covered 500 feet in the time it took her to exit the gas station and move out onto the highway. However, defendants' expert offered an opinion that took into account plaintiff's testimony regarding what she did from when she first saw Godfroy's vehicle until the moment of impact, and concluded that Godfroy would have been driving within the speed limit when plaintiff actually exited the parking lot and drove onto Route 295. Plaintiff has not presented any evidence that calls into question this analysis and, as such, even if her version of what transpired in the time immediately prior to the accident is fully accepted, she has failed to create a question of fact that would in any way support a finding that Godfroy was legally responsible for the cause of this accident. As a result, defendants' motion for summary judgment was properly granted.

Finally, we reject plaintiff's claim that the engineer's affidavit submitted by defendants should have been rejected as lacking a proper scientific basis. Not only was the expert well qualified to give an opinion, but his findings, all rendered within a reasonable degree of engineering certainty, were based upon facts fully supported by the record (*compare Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753, 756 [2004]).

Cardona, P.J., Mercure, Peters and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Plaintiff also submitted an affidavit by her counsel that was appropriately rejected by Supreme Court because counsel had no firsthand knowledge of the circumstances surrounding the accident and the document otherwise lacked any evidentiary value (*see Ahlers v Wildermuth*, 70 AD3d 1154, 1155 [2010]; *2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1395 [2009], *lv denied* 14 NY3d 706 [2010]).