# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**95**

**CA 10-01971**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

ELIZABETH LAYMON AND JERRY W. LAYMON, SR.,
PLAINTIFFS-RESPONDENTS,

V                                                             MEMORANDUM AND ORDER

JAMES F. ALLEN, DOING BUSINESS AS ALLEN'S
VILLAGE GREENE LANDSCAPING CO.,
DEFENDANT-APPELLANT,
BRANCK CONSTRUCTION, ET AL., DEFENDANTS.

---

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (JOHN F. PFEIFER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL A. CASTLE, HERKIMER, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered November 24, 2009 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant James F. Allen, doing business as Allen's Village Greene Landscaping Co., for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Elizabeth Laymon (plaintiff) when she fell after her foot became caught in a hole in a parking lot maintained by, inter alia, James F. Allen, doing business as Allen's Village Greene Landscaping Co. (defendant). Contrary to the contention of defendant, Supreme Court properly denied his motion for summary judgment dismissing the amended complaint against him. "A contractor may be liable for an affirmative act of negligence [that] results in the creation of a dangerous condition upon a public street or sidewalk" (*Losito v City of New York*, 38 AD3d 854, 855; *see Brown v Welsbach Corp.*, 301 NY 202, 205). Here, the evidence submitted by defendant in support of his motion was insufficient to establish as a matter of law that he did not create or cause the allegedly dangerous condition (*see Losito*, 38 AD3d at 854) or that his alleged negligence was not a proximate cause of plaintiff's injuries (*see Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902; *Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036).

Entered: February 10, 2011                         Patricia L. Morgan
                                                   Clerk of the Court