■ GLORIA TORRES, Appellant, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON, Respondent. [922 NYS2d 40]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 25, 2010, which granted the motion of defendant Consolidated Edison (Con Ed) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint and the cross claims reinstated.

Plaintiff claims that in October 2006 she tripped and fell as the result of a three-inch-deep depression in the roadway at the intersection of Walton Avenue and 161st Street in the Bronx. Con Ed seeks summary judgment dismissing the complaint as against it on the ground that it did not create the defect. Although Con Ed denies that it ever worked at the exact location of the accident, its records indicate that in 2005 codefendant and cross claimant City of New York issued several permits to Con Ed to perform work requiring excavation and repaving of the street at the intersection where plaintiff fell. The City's witness testified that, apart from the City's repair of two potholes nearby on Walton Avenue in 2006, there was no record of any street work in the vicinity of the intersection in 2005 and 2006 by any party other than Con Ed.

The motion court erred in granting summary judgment to Con Ed because the circumstantial evidence linking Con Ed to the alleged hazardous condition is sufficient to preclude summary judgment (*see DeSilva v City of New York*, 15 AD3d 252, 254 [2005]; *see also Feder v Tower Air, Inc.*, 12 AD3d 190, 191 [2004]). Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and Freedman, JJ.