10-3706-cv
Gray v. Wackenhut Services, Alutiiq Security & Technology

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of November, two thousand eleven.

PRESENT:

> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> REENA RAGGI,
>
> *Circuit Judges*.

-------------------------------------

GWENDOLYN GRAY,

*Plaintiff-Appellant*,

- v -                                    No. 10-3706-cv

WACKENHUT SERVICES, INCORPORATED,
ALUTIIQ SECURITY & TECHNOLOGY, LLC,
AFOGNAK NATIVE CORPORATION,

*Defendants-Cross-*
*Claimants-Cross-*
*Defendants-Appellees*.

-------------------------------------

For Appellant:          GEORGE A. KOHL, II, Finkelstein &
                        Partners LLP, Newburgh, NY

For Appellee Wackenhut
Services, Incorporated:     BRENDAN T. FITZPATRICK, Ahmuty,
                           Demers & McManus, Albertson, NY

For Appellees Alutiiq Security
& Technology, LLC, Afognak
Native Corporation:        JOHN SANDERCOCK, Lester Schwab Katz
                           & Dwyer, LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of district court be, and it hereby is, **AFFIRMED.**

Petitioner Gray brought a negligence action against Wackenhut Services, Incorporated ("Wackenhut"), Alutiiq Security & Technology, LLC and Afognak Native Corporation (collectively "Alutiiq") after a civilian motor vehicle accident on the grounds of the West Point Military Academy in New York State.  Her claims against both defendants were dismissed by the district court on summary judgment.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This case arises under the laws of New York, where, "[i]n order to set forth a prima facie case of negligence, the plaintiff's evidence must establish (1) the existence of a duty on defendant's part to plaintiff; (2) a breach of this duty; and (3) that such breach was a substantial cause of the resulting injury."  *Merino v. New York City Transit Auth.*, 218 A.D.2d 451, 457 (1st Dep't), *aff'd*, 89 N.Y.2d 824 (1996).  Where a defendant

2

establishes that a plaintiff's negligence was the sole proximate cause of an accident, the defendant is not liable to the plaintiff for damages. *See, e.g., Gallagher v. McCurty*, 85 A.D.3d 1109, 1109 (2d Dep't 2011). Because the defendants have established as a matter of law that Gray's own negligence was the sole proximate cause of her accident, this Court need not reach the issue of duty or breach.

First, there is no evidence in the record that Gray heard the Wackenhut employee say, "they can go," before she drove her car into a barricade. Gray did not testify at her deposition either that she heard the Wackenhut employee tell her she could drive forward, or that her passenger, who heard it, repeated the employee's instruction to "go" so that Gray might have acted upon it. Summary judgment is appropriate as to Wackenhut because there is thus no evidence that the Wackenhut employee's actions were a cause of the accident. Where a plaintiff cannot show that she relied upon the "signal given to her by the defendant's employee," the plaintiff cannot "meet her burden of proving" that the collision was caused by the signal. *Shapiro v. Mangio*, 259 A.D.2d 692, 692 (2d Dep't 1999) (discussing *Valdez v. Bernard*, 123 A.D.2d 351, 352 (2d Dep't 1986)).

Second, although the evidence suggests that an Alutiiq employee may have signaled for Gray to proceed, and told her to "go" or that she was "good to go," that creates no genuine

3

dispute of material fact to be tried. As the district court concluded, the barrier Gray drove into had to have been visible to her in light of the damage caused by the barrier to the top of the car's grill. "A driver is required to see that which through proper use of his or her senses he or she should have seen . . . ." *Rahaman v. Adodeledhman*, 64 A.D.3d 552, 553 (2d Dep't 2009). Under New York law, "[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety." N.Y. Veh. & Traf. Law § 1162. A violation of that law constitutes negligence *per se. See Elliott v. City of New York*, 95 N.Y.2d 730, 734 (2001).

As the district court noted, New York courts have not been reluctant to grant summary judgment where the record reflected that one party's negligence was the sole proximate cause of an accident. *See, e.g., Groboski v. Godfroy*, 74 A.D.3d 1524, 1525 (3d Dep't 2010) (affirming grant of summary judgment for defendant who hit plaintiff's car broadside because plaintiff failed to yield the right-of-way); *Stevens v. Zukowski*, 55 A.D.3d 1400, 1401 (4th Dep't 2008) (affirming grant of summary judgment to plaintiff who hit a car with his motorcycle after car pulled out suddenly in front of him); *Garnsey v. Bujanowski*, 13 A.D.3d 857, 857 (3d Dep't 2004) (affirming summary judgment for defendant who struck an all-terrain vehicle causing a fatal

4

accident because the ATV driver failed to yield the right-of-way); *Irwin v. Mucha*, 154 A.D.2d 895, 896 (4th Dep't 1989) (relying on VTL § 1162 to affirm grant of summary judgment in favor of plaintiff whose foot was run over by a driver after she exited rear seat of the driver's car).

The undisputed facts are that Gray could have seen the barrier that she drove into and that she drove into it anyway. Her actions were thus the sole proximate cause of the accident.

For the foregoing reasons, the judgment of the district court be and it hereby is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5