■ Thomas C. Baird, IV, Appellant, v James M. Gormley et al., Defendants, and Bellamy & Sons Construction Company, Inc., Respondent. [983 NYS2d 662]—

Peters, P.J. Appeal from an order of the Supreme Court (McNamara, J.), entered September 13, 2012 in Albany County, which granted a motion by defendant Bellamy & Sons Construction Company, Inc. for summary judgment dismissing the complaint against it.

At approximately 8:00 a.m. on July 3, 2007, plaintiff was operating his motor vehicle on Boght Road in the Town of Colonie, Albany County when his right front tire passed over a manhole that was not properly covered, causing him to lose control of his vehicle and hit a tree. The accident site was adjacent to property owned by defendants James M. Gormley and Maria Gormley, who had retained defendants American Design & Contracting, LLC and Hometown Modular Builders, LLC to construct a modular home thereupon. Hometown

contracted with defendant Bellamy & Sons Construction Company, Inc. to connect the Gormleys' property to the public sewer line maintained by defendant Town of Colonie.

Theorizing that one of the aforementioned defendants had left the manhole open after either inspecting it or doing work related to the construction of the Gormleys' new home, plaintiff commenced this negligence action.* Following joinder of issue, defendants made various motions for summary judgment dismissing the complaint. While finding that all moving defendants made a prima facie showing of entitlement to summary judgment and that plaintiff failed to submit evidentiary proof sufficient to raise a question of fact, Supreme Court held such motions in abeyance pending further disclosure. Thereafter, upon renewal of the motions, Supreme Court granted summary judgment to Hometown and American and, following Bellamy's response to plaintiff's further discovery demands, granted Bellamy's motion in a separate order. Plaintiff appeals from the order granting summary judgment in favor of Bellamy.

The gravamen of plaintiff's complaint against Bellamy is that it created a dangerous condition around the manhole by removing the cover or leaving it ajar as part of its work in connecting the Gormleys' property to the public sewer line. "A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (*Losito v City of New York*, 38 AD3d 854, 855 [2007]; *see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Laymon v Allen*, 81 AD3d 1298, 1299 [2011]). As the proponent of the motion for summary judgment, it was incumbent upon Bellamy to " 'make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact' " (*Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In support of the motion, Bellamy submitted the affidavit and examination before trial testimony of its comptroller, the deposition testimony of its co-vice-president, its project manager and the Town's senior civil engineering technician, as well as significant documentation. The evidence presented established that Bellamy did not commence work on the Gormley project until August 24, 2007, well after plaintiff's July 3, 2007 accident, and that none of its employees was directed to remove the manhole cover or was otherwise present at the site prior to

---

* Plaintiff subsequently discontinued the action against the Gormleys and the Town.

this time. Rather, Bellamy's co-vice-president stated that he first removed the manhole cover to look inside during a site visit with the excavator in August 2007. In light of this evidence and absent proof that Bellamy exercised control over the subject manhole around the time of plaintiff's accident, we conclude that Bellamy met its initial burden of establishing that it was not responsible for the dangerous condition of the manhole (*see Semzock v State of New York*, 97 AD3d 1012, 1013 [2012]).

The burden then shifted to plaintiff "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d at 324; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The absence of direct evidence that Bellamy created the condition is not necessarily fatal to plaintiff's claim, as he may "show[ ] facts and conditions from which the negligence of [Bellamy] and the causation of the accident by that negligence may be reasonably inferred" (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986] [internal quotation marks and citation omitted]; *accord Flahive v Union Coll.*, 99 AD3d 1151, 1153 [2012]; *see Seelinger v Town of Middletown*, 79 AD3d 1227, 1229 [2010]). The proof "must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (*Bloomer v Empire Forklift, Inc.*, 46 AD3d 1324, 1325 [2007] [internal quotation marks and citations omitted]; *see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d at 744-745).

Here, plaintiff submitted the affidavit of an individual who stated that he was driving in the area between 7:00 a.m. and 7:30 a.m. on the morning of the accident and observed at least two (but no more than five) workers around an open manhole with orange safety cones placed around it. Although this motorist was unable to identify these workers as employees of Bellamy, additional evidence submitted in opposition to the motion established that Bellamy was hired to perform the work in connection with the subject manhole approximately three weeks earlier, that all of Bellamy's trucks were equipped with equipment to remove manhole covers, and that all of its employees were experienced in removing manhole covers. Testimony further revealed that, prior to the accident, Bellamy submitted an estimate for the job, the preparation of which would typically entail, among other things, visiting the proposed job site to determine if the project involved directional boring prior to the commencement of excavation. Just one week after plaintiff's accident, Bellamy sent a package of information to the Town that

included a plan for the project and a preliminary sketch of the manhole. Notably, testimony from several of Bellamy's officers established that all employees are required to prepare daily time sheets documenting, among other things, the specific project being worked on, and that corporate records would set forth the work performed on a given date by any of Bellamy's employees. However, in response to plaintiff's demands for such documentation, Bellamy inexplicably failed to provide the time cards for 12 of its employees or otherwise account for their whereabouts on the date of plaintiff's accident (*compare Amarosa v City of New York*, 51 AD3d 596, 597 [2008]). Viewing this evidence in the light most favorable to plaintiff and affording him the benefit of every favorable inference that may be drawn therefrom (*see Carey v Schwab*, 108 AD3d 976, 978 [2013]; *Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1414-1415 [2010]), we find a triable issue of fact as to whether Bellamy was responsible for the dangerous condition of the manhole (*see Kennedy v Atlas Fence, Inc.*, 90 AD3d 1122, 1123-1124 [2011]; *Torres v City of New York*, 83 AD3d 577 [2011]; *DeSilva v City of New York*, 15 AD3d 252 [2005]; *see also Harris v Niko Dev. Corp.*, 10 AD3d 410, 410-411 [2004]).

Stein, McCarthy and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.