## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 8, 2015            518933
_____

JANET O'BRIEN,
                    Appellant,

        v                              MEMORANDUM AND ORDER

JESSICA COUCH,
                    Respondent.
_____


Calendar Date:  November 13, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

                    _____


        The Baynes Law Firm, PLLC, Ravena (Brendan F. Baynes of
counsel), for appellant.

        Hurwitz & Fine, PC, Buffalo (Cassandra A. Kazukenus of
counsel), for respondent.

                    _____


Garry, J.

        Appeal from an order of the Supreme Court (Chauvin, J.),
entered July 3, 2013 in Saratoga County, which granted
defendant's motion for summary judgment dismissing the complaint.

        In August 2010, plaintiff was injured when, while
attempting to proceed through an intersection by making a left
turn out of a service station parking lot, her vehicle was struck
broadside by an oncoming vehicle driven by defendant.
Thereafter, plaintiff commenced this action alleging that the
collision resulted from defendant's negligence in traveling at an
excessive speed, failing to slow down when approaching the
intersection, and failing to remain alert to her surroundings.
Following discovery, defendant moved for summary judgment
dismissing the complaint.  Supreme Court granted defendant's

motion, and plaintiff appeals.

It is uncontested that plaintiff's portion of the intersection was controlled by a blinking red light, and that she was therefore required to yield the right-of-way to oncoming vehicles that were "approaching so closely . . . as to constitute an immediate hazard" (Vehicle and Traffic Law § 1142 [a]; see Vehicle and Traffic Law § 1113 [a]).  In support of her motion, defendant submitted her own deposition testimony, the affidavit of a nonparty eyewitness, and the affidavit of a licensed engineer.  In her deposition, defendant testified that she had been traveling between 30 and 40 miles per hour (hereinafter mph) and was proceeding through the intersection under a green light when plaintiff pulled out of the service station parking lot into her path approximately three car lengths ahead of her.  Defendant attempted to avoid the collision by swerving and slamming on her brakes but was unsuccessful.  The nonparty eyewitness, who had been traveling behind defendant, stated that the speed limit on the subject road is 40 mph, that he believed defendant was traveling at approximately 40 mph, which was the same speed that he had been traveling, that plaintiff had pulled out of the gas station and into the intersection in front of defendant, and that defendant had a green light.  Defendant's expert, a licensed engineer, opined in an affidavit that defendant had been traveling below the posted speed limit prior to the collision, was alert and attentive in her driving, and did not cause the collision.  His accompanying report stated that defendant was traveling at about 39 mph when she began braking; this determination was based upon crash data retrieved from defendant's vehicle and skid mark measurements.  Based upon these submissions, Supreme Court properly concluded that defendant had met her prima facie burden of entitlement to summary judgment and, thus, the burden shifted to plaintiff to submit evidence in admissible form showing the existence of any material issue of fact (see Groboski v Godfroy, 74 AD3d 1524, 1525 [2010]).

In opposition to defendant's motion, plaintiff submitted the affidavit of a certified accident reconstructionist and former police officer.  Using the same data as defendant's expert, plaintiff's expert concluded that, at the time defendant began braking, she was traveling at a faster speed of 49.95 mph,

and he opined that had defendant not been exceeding the speed limit, plaintiff would have had sufficient time to safely clear defendant's lane of travel and complete her turn. Supreme Court rejected this expert's findings, taking issue with a perceived contradiction between the expert's calculation of defendant's speed prior to braking and an earlier report prepared by the expert that had determined that defendant had been traveling at about 35 mph at the point of impact. Contrary to the court's view of this evidence, the two speed measurements offered by plaintiff's expert are not inconsistent, and his findings based thereon are neither unduly conclusory nor speculative. It is instead inherently logical that defendant's speed would have decreased between the point in time when defendant spotted plaintiff's vehicle in the intersection and began to brake, and the subsequent point of impact. Plaintiff's expert had set forth both his qualifications in accident reconstruction and the scientific and factual basis for his opinions. The two experts utilized the same data and, while they arrived at different conclusions with respect to defendant's speed, "a disagreement . . . between experts merely creates a question of credibility to be resolved by the finder of fact" (Stocklas v Auto Solutions of Glenville, Inc., 9 AD3d 622, 624 [2004], lv dismissed and denied 4 NY3d 738 [2004] [internal quotation marks and citation omitted]).

Upon a defendant's motion, the evidence must be viewed in the light most favorable to the plaintiff (see Warley v Grampp, 103 AD3d 997, 998 [2013]). It is well established that "there may be more than one proximate cause of an accident" (Ayotte v Gervasio, 186 AD2d 963, 964 [1992], affd 81 NY2d 1062 [1993]). Upon review, we find that plaintiff's evidence gives rise to material issues of fact as to whether defendant's speed was excessive and, if so, whether her speed was a proximate cause of the collision (see King v Washburn, 273 AD2d 725, 726 [2000]; Anderson v Miller, 263 AD2d 643, 643-644 [1999]; see also Antaki v Mateo, 100 AD3d 579, 580 [2012]; Dorr v Farnham, 57 AD3d 1404, 1405-1406 [2008]; Rotondi v Rao, 49 AD3d 520, 521 [2008]; compare Vogel v Gilbo, 276 AD2d 977, 979-980 [2000]. Accordingly, the order is reversed and the complaint reinstated.

Peters, P.J., Lahtinen, Rose and Egan Jr., JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and motion denied.


ENTER:

Robert D. Mayberger
Clerk of the Court