■ CAROLINE RABENSTEIN, Individually and as Guardian of the Person and Property of ABRAHAM RABENSTEIN, an Incapacitated Person, Respondent, v SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS et al., Appellants. [16 NYS3d 334]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered June 19, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Abraham Rabenstein allegedly sustained personal injuries when the vehicle he was driving on Health Science Center Road collided with a bus owned by the defendant County of Suffolk and operated by the defendant Peggy Costello at the intersection of Health Sciences Drive in the Town of Brookhaven. It is not disputed that traffic proceeding on Health Science Center Road was controlled by a flashing red light and traffic traveling on Health Sciences Drive was controlled by a flashing yellow light. After Caroline Rabenstein commenced this action as guardian of the person and property of Abraham Rabenstein, and individually, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

Vehicle and Traffic Law § 1113 (b) requires that a vehicle entering an intersection controlled by a flashing yellow signal proceed with caution. Vehicle and Traffic Law § 1113 (a) provides that a driver facing a red flashing signal must stop before entering the intersection, and that the right to proceed is subject to the rules applicable after making a stop at a stop sign. A driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Melendez v County of Nassau*, 56 AD3d 736, 737-738 [2008]; *Exime v Williams*, 45 AD3d 633 [2007]; *Gergis v Miccio*, 39 AD3d 468 [2007]). However, "[t]here can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v*

*Vialva-Duke*, 106 AD3d 1052 [2013]). Moreover, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (*see Arias v Tiao*, 123 AD3d 857, 858 [2014]; *Todd v Godek*, 71 AD3d 872 [2010]).

Here, in support of their motion, the defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint (*see O'Brien v Couch*, 124 AD3d 975, 976 [2015]; *Groboski v Godfroy*, 74 AD3d 1524, 1525 [2010]). However, in opposition thereto, the plaintiff raised a triable issue of fact as to whether Costello took reasonable care to avoid the subject accident (*see* Vehicle and Traffic Law §§ 1113 [b]; 1180 [a], [e]; *Shea v Judson*, 283 NY 393, 398 [1940]; *Doctor v Juliana*, 277 AD2d 1013, 1014 [2000]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.