*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                521137
_____

CRISTINA RIVERA,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

DAVID R. FRITTS et al.,
                    Appellants.
_____

Calendar Date:   January 6, 2016

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

                    _____


        Law Office of Theresa J. Puleo, Syracuse (John F. Pfeifer
of counsel), for appellants.

        Greene & Reid, PLLC, Syracuse (Eugene W. Lane of counsel),
for respondent.

                    _____


Garry, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered February 11, 2015 in Cortland County, which denied
defendants' motion for summary judgment dismissing the complaint.

        Plaintiff was driving a motor vehicle westbound on Route 90
in the Village of Homer, Cortland County, when she came upon a
tractor trailer traveling in front of her driven by defendant
David R. Fritts.[1]  Fritts testified that he was driving at a
speed of approximately 35 miles per hour in a 55 mile-per-hour
zone due to the steep incline of Route 90, and the flashing

_____

        [1]  It is undisputed that Fritts was acting within the scope
of his employment at the time of the incident.

hazard lights on his vehicle were engaged. After plaintiff had followed Fritts' truck for about 10 minutes, Fritts slowed to approximately 15 miles per hour and crossed over the fog line onto the right shoulder of the roadway, preparing to make a left turn onto Sweeney Road. Upon observing Fritts' vehicle moving onto the shoulder, plaintiff attempted to pass, crossing over the double yellow line that bisected the two-lane roadway and moving into the oncoming lane. Fritts began to execute the left turn before plaintiff had fully overtaken his vehicle, and the tractor portion of Fritts' vehicle collided with the passenger side of plaintiff's vehicle. The force of the collision caused plaintiff's vehicle to be pushed into the ditch alongside the roadway, and she suffered injuries. Thereafter, plaintiff commenced this negligence action against Fritts and his employer, defendant Harvey R. Hatfield, individually and/or doing business as H. Hatfield Trucking. Defendants moved for summary judgment dismissing the complaint and Supreme Court denied defendants' motion. Defendants appeal.

In order to succeed on their motion, defendants were required to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Baird v Gormley, 116 AD3d 1121, 1122 [2014]). In support of the motion, defendants submitted, among other things, the deposition testimony of plaintiff, Fritts and two nonparty witnesses. Taken together, the evidence established that, just prior to the collision, plaintiff crossed over a double yellow line and into the oncoming lane in an effort to overtake Fritts' vehicle. Plaintiff's stated reason for attempting to pass Fritts' vehicle in a no passing zone was that his vehicle was moving "too slow" and she believed that he was pulling over to permit her to pass. The evidence of plaintiff's unexcused violation of the Vehicle and Traffic Law was sufficient to establish that she was negligent as a matter of law (see Vehicle and Traffic Law §§ 1124, 1126 [a]; 1128 [d]; Baldwin v Degenhardt, 82 NY2d 867, 868 [1993]; compare Baker v Joyal, 4 AD3d 596, 597 [2004], lv denied 2 NY3d 706 [2004]). Nevertheless, a firmly rooted tenet of our negligence jurisprudence is that an accident may have more than one proximate cause (see Sweet v Perkins, 196 NY 482, 485

[1909]; Grant v Nembhard, 94 AD3d 1397, 1399 [2012]), and, upon review, we agree with Supreme Court that defendants' submissions failed to establish that plaintiff's negligence was the sole proximate cause of the accident.

Fritts acknowledged in his testimony that he was unaware of whether there were any vehicles traveling behind him before he moved his vehicle onto the right shoulder of the roadway. He further conceded that he did not check his mirrors for traffic before then executing the left turn, although it was his usual practice to do so. Notably, "'[d]rivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident'" (Smith v Allen, 124 AD3d 1128, 1130 [2015], quoting Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 769 [2014]; see Corina v Boys & Girls Club of Schenectady, Inc., 82 AD3d 1477, 1478 [2011]). There was also conflicting proof as to whether Fritts had activated his left directional signal prior to the collision; Fritts and a nonparty witness testified that the directional signal was engaged, while plaintiff and another nonparty witness testified that they did not see a directional signal. Viewing the evidence in the light most favorable to plaintiff, the nonmoving party, we thus find that Supreme Court properly determined that there were triable issues of fact as to whether Fritts acted reasonably under the circumstances and whether any negligence on his part was a proximate cause of the accident (see O'Brien v Couch, 124 AD3d 975, 977 [2015]; Ruthinoski v Brinkman, 63 AD3d 900, 902 [2009]; Anderson v Miller, 263 AD2d 643, 644 [1999]; Premo v Lam, 222 AD2d 872, 873 [1995]). Thus, defendants' motion was properly denied.

McCarthy, J.P., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court