State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  April 14, 2016

521195
521393

_____

PATRICK J. VALIANDO et al.,
                    Appellants,

     v                                          MEMORANDUM AND ORDER

MICHELLE M. CATALFAMO et al.,
                    Respondents.

_____

Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Jacobowitz and Gubits, LLP, Walden (Kara J. Cavallo of
counsel), for appellants.

        Alan B. Brill, PC, Suffern (Lynn Beesecker, Cornwall, of
counsel), for respondents.

_____

Lynch, J.

        Appeals (1) from an order of the Supreme Court (Work, J.),
entered September 17, 2014 in Ulster County, which, among other
things, denied plaintiffs' motion for summary judgment on the
issue of liability, and (2) from a corrected order of said court,
entered May 22, 2015 in Ulster County, which, among other things,
denied plaintiffs' motion to renew.

        Plaintiff Patrick J. Valiando and his spouse, derivatively,
commenced this action seeking damages for injuries he sustained
when his vehicle — a dump truck towing a flatbed trailer carrying
a shed — collided with the vehicle driven by defendant Michelle
M. Catalfamo at the intersection of Plains Road and State Route
300 in the Town of Shawangunk, Ulster County.  Immediately prior

to the collision, Valiando was traveling westbound on State Route 300; Catalfamo was traveling southbound on Plains Road. Travel was controlled by a flashing yellow light on State Route 300 and by a flashing red light on Plains Road. Following joinder of issue, plaintiffs moved for summary judgment on the issue of liability. Supreme Court agreed with defendants that there were issues of fact with regard to Valiando's comparative negligence and denied plaintiffs' motion for summary judgement. Plaintiffs filed a motion to renew or reargue pursuant to CPLR 2221 (d) and (e), and, in response, Supreme Court issued a corrected decision and order, but did not change its determination. Plaintiffs now appeal.

As the driver approaching an intersection controlled by a flashing yellow light, Valiando was obligated to proceed through the intersection with caution (see Vehicle and Traffic Law § 1113 [b]; Rabenstein v Suffolk County Dept. of Pub. Works, 131 AD3d 1145, 1145-1146 [2015]; Colaruotolo v Crowley, 290 AD2d 863, 864 [2002]). Valiando testified at his examination before trial that he was driving approximately 35 miles per hour down a hill on State Route 300 towards the intersection with Plains Road. As he approached the intersection, he looked to both the right and the left, but did not see any vehicles until he saw Catalfamo's vehicle in the intersection a "half a second" prior to the collision. Catalfamo testified that she stopped before entering the intersection but did not see Valiando's vehicle until she was in the intersection and it was just a few feet away from her. As it is not disputed that Catalfamo was obligated to stop before proceeding into the intersection and to yield the right-of-way to Valiando (see Vehicle and Traffic Law § 1113 [a]; Rabenstein v Suffolk County Dept. of Pub. Works, 131 AD3d at 1145-1146; Horton v Warden, 32 AD3d 570, 572 [2006]), we find that plaintiffs' submissions were sufficient to demonstrate prima facie entitlement to summary judgment as a matter of law on the issue of liability.

In opposition to plaintiffs' motion for summary judgment, defendants claimed that there were issues of fact with regard to whether Valiando used reasonable care prior to entering the intersection. Reviewing the record in a light most favorable to

defendants as the nonmoving party, as we must (see O'Brien v Couch, 124 AD3d 975, 977 [2015]), we agree. There can be "more than one proximate cause of an accident" (id. [internal quotation marks and citation omitted]; see Rivera v Fritts, 136 AD3d 1249, 1251 [2016]). Here, although Valiando had the right-of-way, such a driver "may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Rabenstein v Suffolk County Dept. of Pub. Works, 131 AD3d at 1146). As noted by Supreme Court, Valiando testified at his deposition that his view of Plains Road on the side that Catalfamo entered the intersection was obstructed by some trees and bushes. Similarly, Catalfamo recalled at her deposition that when she stopped at the intersection, her view from Plains Road towards the path of Valiando's travel on State Route 300 was obstructed with "shrubbery and such." She testified that she stopped at the intersection approximately 10 feet from the stop sign, commented to her passenger that the visibility was poor, then looked left and right "a few times" before first inching, then driving into the intersection. Catalfamo did not see Valiando's truck, which she characterized as approaching "fast," until she was already in the intersection. According to Valiando, the front passenger side of his truck struck the driver's side of Catalfamo's car, near the front wheel. Inasmuch as both drivers testified with regard to trees and brush blocking the view at the intersection of Plains Road and State Route 300, and in consideration of Valiando's claim that he never saw Catalfamo's vehicle before she entered the intersection, defendants have raised a factual question with regard to whether Valiando failed to approach the intersection with caution, and whether such failure was a proximate cause of the collision (see id.; O'Brien v Couch, 124 AD3d at 977; compare Colaruotolo v Crowley, 290 AD2d at 864).

Next, we find that Supreme Court properly denied plaintiffs' motion to reargue and renew. "A motion for leave to reargue . . . shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d] [2]; see Matter of Karnazes, 133 AD3d 1027, 1027-1028 [2015], appeal dismisseed ___ NY3d ___ [Apr. 5, 2016]). "A motion for leave to renew . . .

shall be based upon new[ly discovered] facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]).  Here, plaintiffs' motion was based on certain photographs and an affidavit by a nonparty witness.  Assuming, without deciding that such evidence was newly discovered, it does not resolve the issue of Valiando's comparative negligence.  Similarly, on the motion to reargue, which was granted, Supreme Court properly adhered to its prior determination because, despite the corrected description of Valiando's tesimony, these factual questions remained.

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the order and corrected order are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court